

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

Dear Sir:

Opinion No. O-7161

Re: Whether the Commissioners' Court of
Waller County is legally authorized
to equip its sheriff's department
with a machine gun, ammunition for
same, tear gas bombs, and two-way
radio, and other similar equipment.

We quote from your letter requesting our opinion on the subject stated above:

"I shall appreciate your opinion as to whether the Commissioners' Court of Waller County is legally authorized to equip its sheriff's department with a machine gun, ammunition for same, tear gas bombs, and two-way radio, and other similar equipment.

"Waller County is on the fee basis, population 10,280 and valuation of $21,340,215.

". . ."

Article 3899, Subdivision (a), Vernon's Annotated Civil Statutes of Texas, provides in part as follows:

"(a) At the close of each month of his tenure of office, each officer named herein who is compensated on a fee basis shall make, as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office such as stationery, stamps, telephone, premium on officials' bonds including the cost of surety bonds for his deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses, and other necessary expenses; provided, that in addition to the officers named herein, the county treasurer, county auditor, county road commissioners, county school superintendent, and the hide and animal inspector shall likewise make a report on the premiums on officials' bonds, including the cost of surety bonds for any deputies, and said premiums shall be subject to payment out of the fees of said office, as herein otherwise

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

provided for the officers named; and provided further that if any of the officers so designated are on a salary rather than a fee basis, then all such bond premiums for officers and their deputies shall be paid from the General Fund of the county. The Commissioners Court of the county of the sheriff's residence may, upon the written and sworn application of the sheriff stating the necessity therefor, purchase equipment for a Bureau of Criminal Identification such as cameras, fingerprint cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas, and other equipment in keeping with the system in use by the Department of Public Safety of this State or the United States Department of Justice and/or Bureau of Criminal Identification. . . ."

We are informed by the Department of Public Safety of Texas that the items of equipment named by you are in keeping with the system of law enforcement in use by said Department, and that such items are in fact being used by the Department of Public Safety. We think the above quoted statute sufficiently broad to authorize the Commissioners' Court of Waller County, upon proper application therefor, to purchase said equipment for the use of the sheriff's department. It is therefore our opinion that the Commissioners' Court of Waller County is authorized, upon the written and sworn application of the Sheriff of Waller County stating the necessity therefor, to purchase a machine gun, ammunition for same, tear gas bombs, and two-way radio, for the use of said sheriff's department.

We are not sure what you mean by the expression "other similar equipment," and therefore are not in a position to answer your question as to such other equipment.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 22, 1946,

(Signed) GROVER SELLERS
ATTORNEY GENERAL OF TEXAS

WRA:RLT
AMM

By

(Signed) W. R. ALLEN
Assistant

APPROVED Opinion Committee
By BWB Chairman